1839.

NORTON
*v.*
TALLMADGE.

NORTON *v.* TALLMADGE and others.

---

Decrees are liens on real estate only from the time of being docketed—not from the period of enrollment. But an execution may issue immediately after enrollment and a levy will hold (where there are no chattels) if actually made upon the real estate. Still, the *fi. fa.* should not direct a levy and sale of lands of which the defendant was in possession at the date of the decree.

---

*April* 14,
1839.

*Fi. fa.*
*Levy.*
*Real estate.*
*Decree.*

MOTION to set aside a writ of *fi. fa.*, which had been issued to make up the deficiency after a sale of mortgaged premises. By the recitals in the *fi. fa.*, it appeared that the decree was had on the second day of January, one thousand eight hundred and thirty-eight. It commanded the sheriff to make the amount of the deficiency out of the goods and chattels of the defendant; " and if sufficient goods and chattels of the said defendant cannot be found in your bailiwick, that you then cause the said sum of, &c., to be made of the lands and tenements of the said defendant whereof he was seised on the second day of January, one thousand eight hundred and thirty-eight, or at any time since." It will be seen that this second of January was the day on which the decree was made.

Mr. *Crooke*, for the motion.

Mr. *Gerardus Clark*, contra.

*June* 25.     THE VICE-CHANCELLOR :—An enrollment of a decree, although it be for the payment of money, does not make it a lien on the defendant's real estate. It is only by statute that decrees are made liens, and by statute they are so, only from the time of being docketed: 1 R. S. 181, 182, § 93, 96.

An execution may issue immediately on the enrollment: Ib. 183, § 104; Rule, 111. But goods and chattels are not bound thereby as against a purchaser without notice, until actual levy : Ib. § 105. So, I am of opinion, that an execution which issues on enrollment, without a docketing of the decree, may direct the sheriff to make the money, in default of goods and chat-

tels, out of lands and tenements : § 104. And from the time of levy and seizure by the sheriff, the lands will be bound, not by virtue of the decree, as of itself being a lien, but by virtue of the execution actually levied.

In the present case, the *fi. fa.* directs, in the case of a deficiency of goods and chattels, that the sheriff make the debt of the lands and tenements whereof the defendant was seised on the second of January, one thousand eight hundred and thirty-eight or at any time since, &c. From the recitals in the *fi. fa.* the period thus fixed upon appears to be the date of the decree, which is thirty days at least anterior to the enrollment of it and it is shown by affidavit that although the decree was enrolled before the *fi. fa.*, issued, the decree has not been docketed. The *fi. fa.* with that direction contained in it, is clearly irregular and must be set aside. If the party will issue his *fi. fa.* against lands, before docketing the decree, the utmost effect it can have is to bind lands of which the defendant was seised at the time of the levy ; and it should contain no direction inconsistent with that effect.

Order, that the *fi. fa.* be set aside, with costs.